NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| LEROY DANIELSON, SILICONE DISTRIBUTORS, INC. d/b/a ROOFTOPS, and TRADEMARK ENTERPRISES, LLC d/b/a LISA'S PAINT SHOP, on behalf of themselves and all others similarly situated, | Civ. No. 15-00045 |
| Plaintiffs, | OPINION |
| v. | |
| TROPICAL SHIPPING AND CONSTRUCTION CO., LTD., VI CARGO SERVICES, LLC, and SALTCHUK RESOURCES, INC., | |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter has come before the Court upon multiple motions. Defendants Tropical Shipping and Construction Co., Ltd., ("Tropical") and Defendant VI Cargo Services, LLC ("VI Cargo") have moved to dismiss or transfer Plaintiffs' claims. (ECF No. 16). Defendant Saltchuk Resources, Inc., ("Saltchuk") separately moved to dismiss Plaintiffs' claims against it. (ECF No. 18). Plaintiffs Leroy Danielson ("Danielson") and Trademark Enterprises, LLC d/b/a Lisa's Paint Shop ("Trademark") (collectively "Plaintiffs") oppose both motions. (ECF Nos. 21, 23). The Court has decided the motions based upon the written submissions of the parties and a hearing on the motions. For the reasons stated herein, Defendant Saltchuk's motion to dismiss

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

(ECF No. 18) will be granted, and Defendants' Tropical and VI Cargo's motion to dismiss or transfer (ECF No. 16) will be granted.

## BACKGROUND

This case arises out of the alleged violations of the Sherman Antitrust Act, 15 U.S.C. § 2, and the Virgin Islands Antitrust Act, 11 V.I.C. § 1503, by Defendants Tropical, VI Cargo and Saltchuk. Plaintiffs allegations are as follows: Tropical and VI Cargo provide shipping services to consumers in need of moving goods between St. Croix and Florida. (Compl. at ¶¶ 1, 11–18, ECF No. 1). Specifically, Tropical and VI Cargo participate in the less-than-a-container cargo shipping market ("LCL market"), whereby they ship goods for consumers and small businesses who wish to ship less than an entire shipping container of goods ("LCL Shipping"). (*Id.*). Saltchuk is the parent company of Tropical and VI Cargo. (*Id* at ¶ 8). Plaintiffs Danielson and Trademark purchased LCL Shipping services from Tropical and/or VI Cargo. (*Id.* at ¶¶ 2, 4).

Plaintiffs allege that they were overcharged for the shipping services that they purchased from Defendants as a result of Defendants' monopolization of the relevant LCL market. (*Id.*). Plaintiffs claim that Tropical has been the "dominant firm" in LCL shipping for many years, and that Tropical's purchases of two competing firms, Caribtrans in 2008 and VI Cargo in 2010, increased the market share of Tropical and the companies that it controlled to 100% of the LCL market. (*Id.* at ¶ 17). Tropical increased its prices within months of acquiring VI Cargo and continued to increase its prices thereafter. (*Id.* at ¶ 18). Plaintiffs were overcharged for shipping services due to these increased prices. (*Id.* at ¶ 2–4). Plaintiffs seek "monopoly overcharge damages" on behalf of themselves and a class consisting of individuals and entities that purchased LCL shipping services between St. Croix and Florida from Tropical or VI Cargo between September 18, 2010 and the present. (*Id.* at ¶¶ 36, 31).

Two separate forum selection clauses were incorporated in Bills of Lading ("BOLs") or Confidential Services Contracts ("CSCs") that applied to Plaintiffs' purchases of LCL Shipping services from Defendants. Defendants argue that one forum selection clause governs: 1) all of Plaintiffs' claims against Tropical; and 2) Plaintiffs' claims against VI Cargo from August 16, 2013 through the present. ("First Forum Selection Clause") (Declaration of Jorge Luiz Martinez III ("Martinez Decl.") at ¶¶ 11, 18, 26, Ex. B, ECF No. 17-1; Defs.' Br. at 9, ECF No. 17). Defendants argue that another forum selection clause governs Plaintiffs' claims against VI Cargo from April 23, 2012 to August 16, 2013. ("Second Forum Selection Clause") (Martinez Decl. ¶ 23, Ex. R; Defs.' Br. at 9).

Plaintiffs filed the instant class action complaint on May 28, 2015 (ECF No. 1). Defendants Tropical and VI Cargo filed a motion to dismiss or transfer on August 10, 2015, while Defendant Saltchuk filed a separate motion to dismiss on the same day (ECF Nos. 16, 18). Plaintiffs oppose both motions. (ECF Nos. 21, 23). After the instant motions to dismiss were filed, Plaintiff Paradise Freight, a competitor of Tropical and VI Cargo, was substituted as a real party in interest for Silicone Distributors, Inc. d/b/a Rooftops ("Rooftops"). (ECF No. 43). Plaintiff Paradise Freight later voluntarily dismissed the claims of Rooftops with prejudice. (ECF No. 45). This case was reassigned to this Court on November 14, 2016. (ECF No. 44). Therefore, both Tropical and VI Cargo's motion to dismiss or transfer and Saltchuk's motion to dismiss are before the Court.

## LEGAL STANDARD

### I. Motion to Transfer

In the Third Circuit, the procedure for enforcing a forum selection clause is by motion to transfer venue under 28 U.S.C. § 1404(a). *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297-98 (3d Cir. 2001). In the alternative, a motion may be brought under Rule 12(b)(6) as

3

dismissal under this Rule is another "permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Id.* at 298; *Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988). The Third Circuit has cautioned that "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." *Salovaara,* 246 F.3d at 299.

28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In the "typical case," therefore, a district court considering a § 1404(a) motion "must evaluate both the convenience of the parties and various public-interest considerations" to determine whether transfer is warranted. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.,* 134 S. Ct. 568, 581 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Id.* In that instance, the plaintiff's choice of forum "merits no weight," and a court "should not consider arguments about the parties' private interests," as they previously agreed to litigate in a specified forum. *Id.* at 581–82.

Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (2013) (citation omitted). Furthermore, the plaintiff, as the party flouting the chosen forum, bears the burden of demonstrating the public-interest factors merit transfer. *Id.* at 583. Yet, such factors "will rarely defeat a transfer motion," and a district court "should ordinarily transfer the case to the forum specified" in the parties' agreement. *Id.* at 581–82.

## ANALYSIS

### I. Defendant Saltchuk's Motion to Dismiss

At the hearing on Defendants' motions, the parties agreed on the record that Plaintiffs' claims against Saltchuk would be dismissed. As a result, Saltchuk's Motion to Dismiss will be granted and Plaintiffs' claims against Saltchuk will be dismissed.

### II. Defendants' Tropical and VI Cargo's Motion to Dismiss or Transfer

Defendants' Tropical and VI Cargo make several arguments in support of the motion to dismiss or transfer. One of those arguments is based on two forum selection clauses contained in written agreements between Plaintiffs and Defendants. Because the forum selection clauses are dispositive of this motion, the Court will not address Defendants' other arguments.

#### a. Validity and Applicability of a Forum Selection Clause

"The Court, in deciding whether to enforce a forum selection clause, must first determine that the clause is valid and the present action falls within its scope." *Parts Geek, LLC v. U.S Auto Parts Network, Inc.*, 2010 WL11381005 at *3 (D.N.J. Apr. 1, 2010) (citation omitted). The question of the scope of a forum selection clause is one of contract interpretation. *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.,* 119 F.3d 1070, 1073 (3d Cir. 1997). "Whether or not a forum selection clause applies depends on what the *specific clause at issue* says." *Id.* (emphasis in original).

"Forum selection clauses are entitled to great weight, and are presumptively valid." *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 Fed. Appx. 82, 85 (3d Cir. 2006) (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause is "unreasonable" where

5

the party opposing its enforcement can make a "strong showing" that: (1) "the clause was procured through 'fraud or overreaching'"; (2) its enforcement would contravene a strong public policy of the forum; or (3) "the forum... selected is so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of [its] day in court." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (internal citations omitted); *see also M/S Bremen*, 407 U.S. at 10, 15, 18.

In this case, there are two separate forum selection clauses at issue.  Plaintiffs argue that the forum selection clauses either do not apply or should not be enforced for multiple reasons.

### i. First Forum Selection Clause

Defendants assert that the First Forum Selection Clause governs: 1) all of Plaintiffs' claims against Tropical; and 2) Plaintiffs' claims against VI Cargo from August 16, 2013 through the present.  (Martinez Decl. at ¶¶ 11, 18, 26; Ex. B; Defs.' Br. at 9).  After the voluntary dismissal of Rooftop's claims, this amounts to 75 out of Plaintiffs' 105 potential claims.  (Martinez Decl. at ¶¶ 12, 19, 27).  This forum selection clause states,

> "The contract evidenced by or contained in this Bill of Lading is governed by the Law of the United States of America and the U.S. District Court for the Southern District of Florida shall be the sole and exclusive forum *for any claim or dispute hereunder.*"

(Martinez Decl. at ¶¶ 11, 18, 26; Ex. B) (emphasis added).

First, Plaintiffs argue that the First Forum Selection Clause should not apply to their claims because Plaintiffs were not informed about the existence of a forum selection clause in any agreement between the parties.  The Court is not persuaded by Plaintiffs' argument.  With respect to Defendant Tropical, the relevant BOL's or CSC's incorporated the terms of the applicable tariff that it is required to publish under the terms of the ICC Termination Act of

1995,[2] which, in turn, incorporates the First Forum Selection Clause.  (Martinez Decl. at ¶¶ 8-19).  With respect to Defendant VI Cargo, Defendants have demonstrated that the BOL's incorporated the company's relevant terms and conditions which included the First Forum Selection Clause.  (*Id.* at ¶¶ 22-27).  A forum selection clause that is incorporated by reference into, rather than expressly stated in, a signed agreement is enforceable.  *See Horvath v. Banco Comercial Portugues, S.A.*, 461 F. App'x 61 (2d Cir. 2012).  Plaintiffs here agreed to contracts, which incorporate by reference the First Forum Selection Clause.  Therefore, this argument fails.

Second, Plaintiffs claim that the First Forum Selection Clause is narrow and only applies to "disputes involving damages to cargo during shipment, questions of insurance, and other shipping-related matters; in other words, classic Uniform Commercial Code issues" and not antitrust claims.  (Pls.' Opp'n at 13, ECF No. 23).  However, other courts have interpreted forum selection clauses containing "hereunder" as the operative word and found that they are not limited to claims for breach of contract, but also extend to statutory claims.  *See, e.g.*, *Stiles v. Bankers Healthcare Group, Inc.*, 637 F. App'x 556, 560 (11th Cir. 2016).  In this case, the Court is persuaded that the First Forum Selection Clause applies to Plaintiffs' claims.  While Plaintiffs' claims are for violation of antitrust laws, and not for breach of contract, Plaintiffs' claims are entirely based on rates for shipments made pursuant to agreements incorporating the First Forum Selection Clause.  It is clear that the Plaintiffs' purchases of LCL Shipping services from Defendants form the basis of Plaintiffs' claims.  Therefore, Plaintiffs' current antitrust claims fall within the category of "any claim or dispute hereunder," and the First Forum Selection Clause applies to Plaintiffs' claims.

---

[2] 49 U.S.C.A. § 10101 *et seq.*

Additionally, Plaintiffs argue that the First Forum Selection Clause should not be enforced because: (1) they did not draft the relevant agreements; (2) they were powerless to change the terms; and (3) they were unaware that all disputes would have to be litigated in a forum other than St. Croix.  The Court is not persuaded that Plaintiff has made a strong enough showing on any of these arguments such that the First Forum Selection Clause should not be enforced.  The First Forum Selection Clause, which applies to 75 out of 105 potential claims here, is enforceable.

### ii. Second Forum Selection Clause

Defendants assert that the Second Forum Selection Clause governs Plaintiffs' claims against VI Cargo from April 23, 2012 – August 16, 2013.  (Martinez Decl. ¶ 23, Ex. R; Defs.' Br. at 9).  This would amount to 28 out of Plaintiffs' 105 potential claims.  (Martinez Decl. at ¶ 24).  It states,

> "It is mutually agreed and understood that this contract shall be governed by the laws of the State of Florida, both as to interpretation and to performance and that any action at law, suit in equity or judicial proceeding for the enforcement of this contract for carriage of goods, or any provision thereof … or any transaction, loss, damage, *or claim arising out of this contract*, shall be instituted and maintained in any court of competent jurisdiction in the County of Dade, State of Florida, unless all of the parties to this agreement mutually agree upon venue in some other locality."

(Martinez Decl. ¶ 23, Ex. R) (emphasis added).  The parties make similar arguments about the applicability and enforceability of the Second Forum Selection Clause, with one exception.  At the hearing on the motions, Plaintiffs argued that the Second Forum Selection Clause should be interpreted under Florida law, which supports a narrow construction of the scope of the Second Forum Selection Clause.  However, the parties have not briefed the issue of whether the application of Florida law would alter the analysis of the Second Forum Selection Clause, and the Court need not decide that issue to decide this motion.  As discussed further

below, the Court is persuaded that Defendant's showing with respect to the First Forum Selection Clause is sufficient to warrant transfer here.

### b. § 1404 Transfer Analysis

The Court next considers whether transfer is warranted pursuant to 28 U.S.C. § 1404(a). The Court's analysis is guided by the Supreme Court's decision in *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.,* 134 S. Ct. 568 (2013). In this case, Defendants have demonstrated that at least 75 out of 105 of Plaintiffs' claims are subject to a forum selection clause, which requires that Plaintiffs' claims be brought in the Southern District of Florida. The Court is not persuaded that any public-interest factors set forth in *Atlantic Marine* warrant the denial of transfer here. Therefore, in the interest of justice, the Court will transfer all of Plaintiffs' claims to the United States District Court for the Southern District of Florida.

## **CONCLUSION**

For the foregoing reasons, Defendant Saltchuk's motion to dismiss will be granted, and Defendants Tropical and VI Cargo's motion to dismiss or transfer will be granted, and Plaintiffs' claims will be transferred to the United States District Court for the Southern District of Florida. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: February 15, 2017